UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6820-RAO Date: November 23, 2026
Title: Damy Delmira Larios Torres v. Fereti Semaia et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On November 12, 2026, Petitioner Damy Delmira Laros Torres, represented by counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her immigration detention. Dkt. No. 1 ("Pet.") This is Petitioner's third habeas action. *See* Case No. 5:26-cv-1904-RAO (C.D. Cal. filed Apr. 16, 2026) ("*Larios Torres I*"; Case No. 5:26-cv-4108-RAO (C.D. Cal. filed Jul, 22, 2026) ("*Larios Torres II*").

In *Larios Torres I*, the Court found that Petitioner's statutory rights under the Immigration and Nationality Act had been violated and granted the petition in part on April 29, 2026. *See Larios Torres I*, Dkt. No. 11. The Court's order enjoined Respondents from detaining her unless she was provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* Respondents subsequently provided Petitioner with a bond hearing, but the immigration judge detained her on the basis of flight risk. In *Larios Torres II*, the Court denied the petition on August 7, 2026. *See Larios Torres II*, Dkt. No. 10. The Court observed in its order denying the petition that it was difficult to discern the nature of the relief Petitioner was seeking, but Petitioner appeared to be seeking another bond hearing. *Id.* Neither the Court's April 29, 2026 order nor its August 7, 2026 order adjudicated a procedural due process claim

challenging Petitioner's arrest and detention without pre-detention notice and an opportunity to be heard.[1]

The instant Petition raises procedural due process and substantive due process claims, as well as a statutory claim of a violation of 8 U.S.C. § 1357(a)(2). *See generally* Pet.

Respondents filed their Answer to the Petition on November 20, 2026. Dkt. No. 9. Noting that Petitioner has had two bond hearings and been denied released both times, Respondents argue that the Court should deny the Petition for failure to exhaust administrative remedies. Respondents attach copies of the immigration judge's orders from the two bond hearings as well as Petitioner's Form I-213. Dkt. Nos. 9-1 to 9-3. The Answer does not address the merits of Petitioner's procedural due process claims.

Petitioner filed her Traverse on November 23, 2026. Dkt. No. 11. Petitioner repeats statements made in the Petition, specifically, that she is not challenging the immigration judge's decisions denying bond. Rather, Petitioner challenges her initial detention without any advanced notice or opportunity to be heard.

## II. FACTUAL BACKGROUND

The following facts are set forth in the Petition and supported in part by the Form I-213 provided by Respondents. *See generally* Pet.; *see also* Dkt. No. 9-3. Petitioner, a citizen of Nicaragua, entered the United States in or about August 2022,

[1] The Petition in *Larios Torres I* raised a procedural due process claim attacking Petitioner's detention without a bond determination hearing. *See Larios Torres I*, Dkt. No. 1-2 at 12. The Court does not construe that claim to be the same as the instant due process claim which expressly asserts that Petitioner's arrest and detention without any advance notice or opportunity to be heard violated her constitutional rights. *Compare* Pet. at 14-15 (due process required notice or reason and opportunity to be heard and arguing *Mathews* factors) *to Larios Torres I*, Dkt. No. 1-2 at 12 (due process required bond redetermination hearing to determine whether Petitioner is a flight risk or danger).

and was encountered and arrested by U.S. Border Patrol. Due to detention capacity, Petitioner was released that same month and placed on alternatives to detention as a condition of her parole. Approximately one year later, in August 2023, Petitioner applied for asylum and withholding of removal. In June 2024, Petitioner applied for, and was granted, employment authorization in July 2024. She was issued a social security card the same month. On April 15, 2026, Petitioner appeared in person at the Los Angeles ERO Field Office and was arrested. Before her arrest in April 2026, Petitioner worked two jobs, and she filed her federal income tax returns in 2023, 2025, and 2025. She has never been arrested or charged with any offense in any country.

## III. DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

Addressing Petitioner's procedural due process violation claim based on a denial of pre-detention notice and a hearing or opportunity to be heard, the Court applies the familiar two-step framework for analyzing such claims: first, it determines whether Petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, this Court follows the approach of countless other courts in turning to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6820-RAO Date: November 23, 2026
Title: Damy Delmira Larios Torres v. Fereti Semaia et al.

administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Here, Petitioner was paroled into this country in August 2022 and since that time has worked, paid taxes, and built a life. As has been detailed by this and numerous other courts, individuals released from immigration custody have a protected interest in remaining out of custody. *See Lopez v. Lyons*, 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *see also Singh v. Semaia*, 2026 WL 2281009, at *2 (C.D. Cal. Aug. 4, 2026) (finding protected liberty interest for petitioner who was released by Customs and Border Enforcement on supervision under an order of recognizance and had lived in the United States for three years when immigration authorities abruptly revoked supervision without prior notice or opportunity to be heard; collecting cases).

Finding that Petitioner has a protected liberty interest, the Court applies the *Mathews* factors to determine what process she was due. First, Petitioner has a substantial private interest in her own liberty that is adversely affected by her current detention. Second, the risk of erroneous deprivation is high given that Petitioner was not given a pre-deprivation opportunity to be heard as to the justification for her detention. Because civil immigration detention is "nonpunitive in purpose and effect," justification for the current detention must outweigh Petitioner's protected liberty interest for detention to pass muster under due process. *See Yovani v. Warden of the Cent. Valley Annex Det. Facility*, 2026 WL 2168402, at *4 (E.D. Cal. July 27, 2026). Third and last, although the government has an interest in enforcing immigration laws and in public safety, its interest in detaining Petitioner without procedural safeguards is "low." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). While Petitioner has received post-detention hearings, she did not receive notice or an opportunity to be heard prior to being taken into custody in April 2026. Due process requires that a person be provided notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. In sum,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-6820-RAO | Date: | November 23, 2026 |
| Title: | Damy Delmira Larios Torres v. Fereti Semaia et al. | | |

the Court concludes that the *Mathews* factors weigh in favor of the conclusion that Petitioner's arrest and detention on April 15, 2026, violated her due process rights.

"Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). The Court concludes the proper remedy is to return Petition to the status quo by requiring Respondents to release Petitioner on reasonable conditions. *See Singh*, 2026 WL 2281009, at *2.

For the reasons set forth above, the Court grants in part the Petition as to Petitioner's procedural due process claim that her arrest and detention without pre-detention notice or an opportunity to be heard violated her due process rights. The remaining claims in the Petition are denied as moot.

The Court ORDERS as follows:

1. Respondents are ordered to release Petitioner Damy Delmira Larios Torres (A#241-875-704) from immigration custody immediately, subject to reasonable conditions.
2. Respondents shall file a notice of compliance within two court days.
3. The Clerk of the Court shall enter judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**